MARCIA COPELAND, M.D.,

      Plaintiff,

v.

STATE OF NEW JERSEY, JUDGE
NAN FAMULAR, ROBERT SALDUTTI,
ESQ., DEUTCHE BANK,

      Defendants.

1:18-cv-10554-NLH-JS

**OPINION**

**APPEARANCES:**

MARCIA COPELAND, M.D.
2 APPLE RIDGE WAY
EAST BRUNSWICK, NJ 08816

    *Plaintiff appearing pro se*

BRETT JOSEPH HAROLDSON
OFFICE OF THE ATTORNEY GENERAL OF NJ
25 MARKET ST, 7TH FL, WEST WING
PO BOX 116
TRENTON, NJ 08625

    *On behalf of Defendants the State of New Jersey and Judge*
    *Nan Famular*

REBECCA K. MCDOWELL
SALDUTTI LAW GROUP
800 N KINGS HIGHWAY
SUITE 300
CHERRY HILL, NJ 08034

    *On behalf of Defendant Robert Saldutti, Esquire*

**HILLMAN**, District Judge

    This is the sixth federal court action filed by Plaintiff,

Marcia Copeland, M.D., concerning a state court default judgment

entered against her in February 2012.[1]  This action is a virtual

duplicate of her fifth action, COPELAND V. STATE OF NEW JERSEY,

1:17-cv-12104-NLH-JS ("Copeland V").  The only material

differences are the addition of new Defendants, Judge Nan

Famular and Deutsche Bank, and the elimination of all other

Defendants except for the State of New Jersey and Robert

Saldutti, Esq.  The Court dismissed Copeland V on the bases of

judicial immunity, res judicata, New Jersey's entire controversy

doctrine, the Rooker-Feldman doctrine, and Plaintiff's failure

to state any cognizable claims.[2]  (1:17-cv-12104, Docket No. 95.)

Three motions are pending before the Court in this case.

Defendants Robert Saldutti, Esq. (Docket No. 3), and the State

of New Jersey and Judge Nan Famular (Docket No. 4) have moved to

---

[1] As the Court noted in its Opinion in the fifth action COPELAND
V. STATE OF NEW JERSEY, 1:17-cv-12104-NLH-JS ("Copeland V"),
Plaintiff's previous actions concerning the same default
judgment are: COPELAND v. ABO & COMPANY, LLC, 1:13-cv-03978-RMB-
KMW ("Copeland I"); 1:13-cv-03979-RMB-KMW ("Copeland II"); 1:13-
cv-04232-RMB-AMD ("Copeland III"); and COPELAND v. UNITED STATES
DEPARTMENT OF JUSTICE, 3:15-cv-07431-AET-TJB ("Copeland IV").
Plaintiff has filed other actions arising out of different
properties, although Plaintiff's claims appear to be of a
similar genre.  See COPELAND v. TOWNSHIP OF PENNSAUKEN, 1:14-cv-
02002-RMB-AMD; COPELAND v. NEWFIELD BANK, 1:17-cv-00017-NLH-KMW;
COPELAND v. US BANK, 1:18-cv-00019-NLH-KMW, which includes Judge
Nan Famular as a defendant, as discussed herein.

[2] The Court also directed Plaintiff to show cause as to why this
Court should not enter a preclusion order and enjoin Plaintiff
from filing any claims in this District regarding the same
subject matter without prior permission of the Court.  (1:17-cv-
12104, Docket No. 95, at 15.)

dismiss Plaintiff's claims against them,[3] and Plaintiff has filed

a motion for recusal (Docket No. 9).

For Plaintiff's claims against Defendants Saldutti and the

State of New Jersey, the Court incorporates the analysis in

Copeland V and will dismiss Plaintiff's claims against them for

the same reasons expressed in Copeland V, which asserted

identical claims against these two defendants.[4]

---

[3] Deutsche Bank has not appeared in the action because there is
no indication that it was served with a summons and Plaintiff's
complaint.  Plaintiff's claims against this Defendant will be
dismissed.  See Fed. R. Civ. P. 4(m) (service must be made
within 90 days); Mala v. Crown Bay Marina, Inc., 704 F.3d 239,
244 (3d Cir. 2013) (explaining that pro se litigants are
afforded greater leeway in the interpretation of their
pleadings, and they must receive notice "when a court acts on
its own in a way that significantly alters a pro se litigant's
rights," but there are limits to the procedural flexibility:
"For example, pro se litigants still must allege sufficient
facts in their complaints to support a claim. And they still
must serve process on the correct defendants. At the end of the
day, they cannot flout procedural rules - they must abide by the
same rules that apply to all other litigants.").

[4] In Copeland V, the Court found:

> Because the viability of Plaintiff's claims in this case
> have already been assessed several times in lengthy and
> comprehensive opinions in this Court and before the Third
> Circuit, and because Plaintiff has not opposed
> substantively any of the Defendants' bases for the
> dismissal of her claims, the Court will adopt the decisions
> in Copeland I-IV, and dismiss Plaintiff's claims against
> all the Defendants – except for the Bellmawr Defendants –
> for the same reasons expressed in those cases.

(1:17-cv-12104, Docket No. 95, at 10-11.)  Because the Bellmawr
Defendants were newly added and not parties to her other cases,
the Court assessed Plaintiff's claims against them, and found,
to the extent that they were not independently dismissible for

For the newly added Defendant, Judge Nan Famular, Plaintiff

claims the following:

> Judges unilaterally decided to validate a contract against
> existing laws and implemented enforcement procedures for
> decision based on bias and hate. Judge stated in transcript
> Copeland, a physician, was evading her court and plaintiff
> was inherently [indecipherable.] She took rent notified no
> creditor/shareholder and paid no [indecipherable].

(Docket No. 1 at 3.)

In another almost identical case, 1:18-cv-00019-NLH-KMW,

see supra note 1, Plaintiff asserted claims against Judge

Famular, who is the Presiding Judge of the New Jersey Superior

Court, Chancery Division (General Equity Part) in Camden County,

for "treason" and "attempted theft," among other allegations.

Plaintiff's claims against Judge Famular were dismissed pursuant

to the doctrine of absolute judicial immunity[5] and for

---

insufficient pleading, Plaintiff's claims were time barred under
the entire controversy doctrine, the two-year statute of
limitations for her claims, and for non-compliance with the New
Jersey Tort Claims Act.  (Id. at 11.)  The Court also noted that
the decision in Copeland V was equally applicable to Plaintiff's
Copeland VI, which was filed six months after Copeland V.

[5] Judges are generally "'immune from a suit for money damages.'"
Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting
Mireles v. Waco, 502 U.S. 9, 9 (1991); Randall v. Brigham, 74
U.S. (7 Wall.) 523, 536 (1868) ("This doctrine is as old as the
law, and its maintenance is essential to the impartial
administration of justice.")).  Judicial immunity is not
overcome by allegations of bad faith or malice.  Mireles v.
Waco, 502 U.S. 9, 11 (1991) (citing Pierson v. Ray, 386 U.S.
547, 553-54 (1967) ("Few doctrines were more solidly established
at common law than the immunity of judges from liability for
damages for acts committed within their judicial jurisdiction .
. .  This immunity applies even when the judge is accused of

Plaintiff's failure to state any cognizable claims against Judge

Famular.[6]  (1:18-cv-00019-NLH-KMW, Docket No. 23 at 5-6.)

Judge Famular has moved to dismiss Plaintiff's claims

against her in this action on the same bases.  It is evident,

even from Plaintiff's sparse and insufficiently pleaded claims,

that Plaintiff's allegations against Judge Famular arise from

Judge Famular's actions taken in her judicial capacity, and

there are no allegations that Judge Famular's actions were taken

in the complete absence of all jurisdiction.  Consequently,

Plaintiff's claims against Judge Famular must be dismissed on

---

acting maliciously and corruptly, and it is not for the
protection or benefit of a malicious or corrupt judge, but for
the benefit of the public, whose interest it is that the judges
should be at liberty to exercise their functions with
independence and without fear of consequences." (internal
citations and quotations omitted)).  A judge's immunity from
civil liability "is overcome in only two sets of circumstances.
First, a judge is not immune from liability for nonjudicial
acts, i.e., actions not taken in the judge's judicial capacity.
Second, a judge is not immune for actions, though judicial in
nature, taken in the complete absence of all jurisdiction."  Id.
(citation and quotations omitted).

[6] "While a complaint attacked by a Rule 12(b)(6) motion to
dismiss does not need detailed factual allegations, a
plaintiff's obligation to provide the 'grounds' of his
'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a
cause of action will not do . . . ."  Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007) (alteration in original)
(citations omitted) (first citing Conley v. Gibson, 355 U.S. 41,
47 (1957); Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.,
40 F.3d 247, 251 (7th Cir. 1994); and then citing Papasan v.
Allain, 478 U.S. 265, 286 (1986)).

the basis of absolute judicial immunity.

With regard to Plaintiff's motion for recusal, this Court addressed – and denied - Plaintiff's identical motion in Copeland V.  (Copeland V, Docket No. 107.)  The Court adopts the analysis in Copeland V and will similarly decline to recuse from this case.

Finally, as also found by the Court in Copeland V, the "history of this case and Plaintiff's unrelenting efforts to relitigate a 2012 state court judgment by filing numerous, repetitive, and unmeritorious lawsuits in both state and federal court against any and all parties involved appears to warrant the imposition of sanctions in the form of a litigation preclusion order."[7]  (Copeland V, Docket No. 95 at 14-16.)

---

[7] The "federal court system is not a playground to be used by litigants for harassing those they dislike." Gilgallon v. Carroll, 153 F. App'x 853, 855 (3d Cir. 2005).  The court system is not available for "recreational litigation."  See Marrakush Soc. v. New Jersey State Police, 2009 WL 2366132, *36 (D.N.J. July 30, 2009) (explaining that a "'recreational litigant' is the 'one who engages in litigation as sport and files numerous complaints with little regard for substantive law or court rules.'" (quoting Jones v. Warden of the Stateville Correctional Ctr., 918 F. Supp. 1142, 1153 (N.D. Ill. 1995) (noting that, "[w]hen confronted with [a] recreational plaintiff, courts, to protect themselves and other litigants, have enjoined the filing of further case without leave of court") (other citations omitted)).

It is well within the broad scope of the All Writs Act, 28 U.S.C. § 1651(a), for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints aim to subject defendants to unwarranted harassment, and raise concern for maintaining order in the

The Court will therefore direct Plaintiff to show cause as to why this Court should not enter a preclusion order and enjoin Plaintiff from filing any claims in this District regarding the subject matter of this case without prior permission of the Court.[8]

An appropriate Order will be entered.[9]

Date: February 8, 2019                          s/  Noel L. Hillman
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

_____

court's dockets.  Telfair v. Office of U.S. Attorney, 443 F. App'x 674, 677 (3d Cir. 2011) (citing In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982)).  A "district court has authority to require court permission for all subsequent filings once a pattern of vexatious litigation transcends a particular dispute."  Id. (citation omitted).  Before a court issues a litigation preclusion order, the court must give notice to the litigant to show cause why the proposed injunctive relief should not issue.  Id. (citing Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993)).

[8] Plaintiff did not file a direct response to the Court's order to show cause in Copeland V. (See 1:17-cv-12104, Docket No. 107.)

[9] Because of the substantive doctrines that strictly bar Plaintiff's claims, no amendment can cure her deficient claims, and therefore it would be futile to permit amendment.  See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (explaining that even though Third Circuit precedent "supports the notion that in civil rights cases district courts must offer amendment--irrespective of whether it is requested--when dismissing a case for failure to state a claim," this Court must only do so unless it would be "inequitable or futile").